**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

RAYSHAWN LAMAR JOHNSON,            )
#M43137,                           )
                                   )
            Plaintiff,             )
                                   )
      vs.                          )          Case No. 26-cv-00104-SMY
                                   )
BRENDAN K. GARCIA,                 )
NAITH E. McDONALD,                 )
and ANTHONY WILLS,                 )
                                   )
            Defendants.            )

## MEMORANDUM AND ORDER

**YANDLE, Chief District Judge:**

Plaintiff Rayshawn Lamar Johnson, an inmate in the custody of the Illinois Department of Corrections currently incarcerated at Menard Correctional Center, filed this lawsuit pursuant to 42 U.S.C. § 1983.  Plaintiff claims he was subjected to excessive force and issued a false disciplinary ticket at Menard Correctional Center.  (Doc. 1).  The Complaint is before the Court for preliminary review pursuant to 28 U.S.C. § 1915A, which requires screening and dismissal of portions that are legally frivolous or malicious, fail to state a claim for relief, or seek money damages from an immune defendant.  *See id*.

## The Complaint

Plaintiff makes the following allegations in the Complaint (Doc. 1, pp. 1-23): C/O Naith McDonald conducted a routine shakedown of Plaintiff's cell on May 18, 2025.  *Id*. at 5.  In the process, he discovered pills under the bunk.  Neither Plaintiff nor his cellmate used drugs or pills at the time.  Plaintiff suspected the pills were planted in his cell or never found there in the first place.  *Id*.

1

Plaintiff went to the officers' cage to complain, saying it was "literally impossible for pills to be found" in his cell. *Id*. C/O Brendan Garcia ordered Plaintiff to cuff up, and he complied. Because the officer had a history of harassing inmates, Plaintiff asked that another officer escort him to segregation. In response, C/O Garcia yanked his cuffs. When Plaintiff glanced back to see what happened, his head was forced down and his arms were forced up above his head. C/O Garcia and C/O Ruffino proceeded to bang Plaintiff's head against the West House mailboxes and sergeant's cage. Plaintiff was then punched in the ribs. He offered no resistance. Following the assault, Plaintiff stood up and was escorted to segregation. *Id*. at 6.

Plaintiff received a disciplinary ticket for the pills. He requested a lie detector test, and Sergeant Jones agreed to allow one but never did so. *Id*. at 6-7. At his prison disciplinary hearing, Plaintiff asked the adjustment committee to produce the pills found in his cell, and they failed to do so. *Id*. at 7. The adjustment committee "basically acknowledged" the officers' story did not add up when they found Plaintiff guilty and only gave him "minimal" time in segregation (*i.e.*, four months for an offense with a mandatory minimum punishment of one year). *Id*.

## Preliminary Dismissals

Plaintiff mentions C/O Ruffino and Sergeant Jones in the statement of his claim but does not identify them as defendants in the Complaint. Therefore, the Court will not treat these individuals as defendants; all claims against them are considered dismissed without prejudice. *See* FED. R. CIV. P. 10(a) (noting that the title of the complaint "must name all the parties").

Plaintiff identifies Warden Anthony Wills as a defendant in the Complaint but makes no allegations against him. This defendant cannot be said to have notice of which claims, if any, are directed against him. FED. R. CIV. P. 8(a)(2); *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). Therefore, Warden Wills will be dismissed from this action without prejudice.

**<u>Discussion</u>**

Based on the allegations, the Court designates the following claims in the Complaint:

Count 1:    Eighth Amendment claim against C/O Garcia for using excessive force against Plaintiff on or around May 18, 2025.

Count 2:    Fourteenth Amendment claim against C/O McDonald for depriving Plaintiff of a protected liberty interest without due process of law by punishing him with four months in segregation on false disciplinary charges stemming from the discovery of pills in his cell on May 18, 2025.

**Any other claim mentioned in the Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).**

**Count 1**

The Eighth Amendment prohibits the use of unauthorized or excessive force. *Wilkins v. Gaddy*, 559 U.S. 34 (2010). An inmate bringing an excessive force claim must plead facts suggesting that each defendant applied force "maliciously and sadistically" and not as part of a "good-faith effort to maintain or restore discipline." *Id*. at 40 (quoting *Hudson v. McMillian*, 503 U.S. 1, 6 (1992)).

Plaintiff alleges that C/O Garcia and another officer yanked his cuffs, forced his head down, forced his arms up, banged his head against objects, and punched him in the ribs until he fell. He also alleges that at the time, he was following orders, offering no resistance, and physically restrained with cuffs. These allegations are sufficient to state a viable claim against C/O Garcia.

**Count 2**

The Fourteenth Amendment prohibits deprivations of "life, liberty, or property" without due process of law. *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). To state a due process claim in the prison disciplinary context, a plaintiff must plead facts demonstrating (1) the existence of a

constitutionally protected liberty interest that triggers the right to due process of law; and (2) deficient procedures in the disciplinary proceedings. *Lisle v. Welborn*, 933 F.3d 705, 720 (2019).

Plaintiff refers to a disciplinary ticket he received after C/O McDonald found pills in his cell but cannot proceed with a due process claim in connection with this ticket. He offers no information about the ticket, what rule violation was cited, who participated in the adjustment committee hearing, what due process violations occurred, or what conditions he endured in segregation. As such, his allegations are not sufficient to state a due process claim. Count 2 will be dismissed against C/O McDonald.

### Disposition

The Complaint (Doc. 1) survives screening pursuant to 28 U.S.C. § 1915A. **COUNT 1** will proceed against **BRENDAN K. GARCIA**; this claim is **DISMISSED** without prejudice for failure to state a claim against **NAITH E. McDONALD** and **ANTHONY WILLS**. **COUNT 2** is **DISMISSED** without prejudice for failure to state a claim for relief against **BRENDAN K. GARCIA, NAITH E. McDONALD,** or **ANTHONY WILLS**.

The Clerk shall prepare for Defendant **BRENDAN K. GARCIA**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to SDIL-LR 8.2, Defendant need only respond to the issues stated in this Merit Review Order**.

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing parties informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**The Clerk of Court is DIRECTED to TERMINATE Defendants NAITH E. McDONALD and ANTHONY WILLS as parties in CM/ECF.**

**IT IS SO ORDERED.**

**DATED:    July 16, 2026**

**STACI M. YANDLE**
**Chief U.S. District Judge**

5

**<u>Notice to Plaintiff</u>**

Once identified, the Court will take the necessary steps to notify the Defendant of your lawsuit and serve him with a copy of your Complaint. After service has been achieved, Defendant will enter an appearance and file an Answer to your Complaint. It will likely take at least **60 days** *from the date they are served with this lawsuit* to receive the Defendant's Answer, but it is entirely possible that it will take **90 days** or more. When Defendant has filed an Answer, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for Defendant before filing any motions, to give the Defendant notice and an opportunity to respond to those motions. Motions filed before Defendant's counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.